UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| THOMAS S. COMMONS ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No: 2:18-cv-62 |
| v. ) | |
| ) | Judge Christopher H. Steger |
| ANDREW SAUL, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| *Defendant*. ) | |

# MEMORANDUM OPINION

Plaintiff Thomas Commons seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by a United States Magistrate Judge according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 12].

For reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 15] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

## I. Procedural History

In November 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability as of September 15, 2015. (Tr. 10, Doc. 8). Plaintiff's claims were denied initially as well as on reconsideration. As a result, Plaintiff requested a hearing before an administrative law judge.

In October 2017, ALJ Elizabeth Neuhoff heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered her decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 10-17).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review his denial; however, that request was denied. (Tr. 7). Exhausting his administrative remedies, Plaintiff then filed his Complaint on April 18, 2018, seeking judicial review of the Commissioner's final decision under § 405(g). [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     Findings by the ALJ

The ALJ made the following findings concerning her decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since September 15, 2015, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et. seq.*).

3. Plaintiff has the following severe impairments: diabetes mellitus with recent diagnosis of peripheral neuropathy (20 C.F.R. § 404.1520(c) and 416.920(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. Plaintiff was born on December 26, 1955, and was 59 years old, which is

defined as an individual with advanced age, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.923).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. §§ 404.1564 and 416.964).[1]

9. Transferability of job skills is not material to the determination of disability because the ALJ found that Plaintiff was not disabled regardless if he has transferable job skills (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, some jobs exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from September 15, 2015, through the date of the ALJ's decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. at 10-17).

### III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, claimants must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following

---

[1] This finding was a clerical error by the ALJ because Plaintiff testified that he "completed the 8th grade and has not obtained a GED but is able to read and write." (Tr. 14).

3

five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he is not disabled; (2) if the claimant does not have a severe impairment he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he is disabled; (4) if the claimant is capable of returning to work he has done in the past he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v.*

*Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the Court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

### IV. Analysis

Plaintiff raises three issues: (1) whether the ALJ properly evaluated Plaintiff's subjective complaints; (2) whether the ALJ failed to develop the record; and (3) whether substantial evidence supports the ALJ's finding that Plaintiff is not disabled?

#### A. Substantial Evidence and Plaintiff's Subjective Complaints

Plaintiff first contends that the ALJ "failed to properly weight the subjective allegations of the Plaintiff regarding the limitations in his ability to perform work-related activities as a result of his diabetes." [Doc. 14 at PageID #: 369].

The Court notes at the outset that Plaintiff's arguments about his own credibility generally fall within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). That is, the ALJ's findings on credibility "are to be

accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. Those findings, however, must be supported by substantial evidence. *Id.* "[D]scounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Plaintiff was diagnosed with diabetes, but the ALJ noted that physical examinations were generally unremarkable with the exception of a mild sensory deficit in the lower extremities. (Tr. 15, 213, 217-18, 262, 290, 295, 308-09), and an eye examination revealed no evidence of diabetic neuropathy (Tr. 15, 249). The ALJ also considered evidence that indicated medication and a diabetic diet resulted in control of Plaintiff's blood sugar levels. (Tr. 15, 213, 217-18, 262, 290, 295, 308-09). *See Smith v. Comm'r of Soc. Sec. Admin.*, 564 F. App'x 758, 763 (6th Cir. 2014) (citing *Hardaway v. Secretary*, 823 F.2d 922, 927 (6th Cir. 1987)) (explaining that evidence of improvement in medical issues with use of prescription drugs supports denial of disability benefits)); *see also* SSR 16-3p ("[R]ecord of any treatment and its success or failure, including any side effects of medications.").

The Court finds that Plaintiff's complaints related to the reliability of his subjective complaints are within the ALJ's discretion. *See Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). *See also Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (upholding a denial of benefits when the "medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling."). When objective evidence alone cannot establish a disability, the ALJ has the "power and discretion to weigh all of the evidence and to resolve the significant conflicts in the

administrative record." *Walters*, 127 F.3d at 531 (citing *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* at 531–32 (citing *Bradley*, 862 F.2d at 1227; *cf. King v. Heckler*, 742 F.2d 968, 974–75 (6th Cir. 1984) (noting the lack of substantial evidence for an adverse credibility finding where the only reasonable conclusion supported by the evidence is that the claimant does not possess the RFC to perform any gainful employment). The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. Because the ALJ gave numerous reasons, supported by the record, for determining that the Plaintiff's subjective allegations were not entirely credible, the Court will not second-guess the ALJ's finding. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

  **B.**  **The ALJ's failure to order a consultative exam**

As noted, the burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512. That, however, does not leave the ALJ without a corresponding duty. ALJ's have "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing . . . ." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 411 (1971)). In light of the ALJ's full-and-fair hearing requirement, Plaintiff asserts that "a consultative physical exam was necessary for a full and fair consideration of [his] claim, and it was error for the Administrative Law Judge not to order such an exam in view of [ ] Plaintiff's advanced age and serious medical problems." [Doc. 14 at PageID #: 368].

The ordering of a physical consultative exam is within the ALJ's discretion. The regulations state that the agency might order a consultative examination when "the additional evidence needed

is not contained in the records of your medical sources" or "the current severity of your impairment is not established." 20 C.F.R. §§ 404.1519a(b)(1), 416.919a(b)(1). When the record contains sufficient evidence about an impairment, an ALJ does not abuse their discretion by declining to obtain an additional assessment. *See Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013); *Robertson v. Comm'r of Soc. Sec.*, 513 F. App'x 439 (6th Cir. 2013) (finding because the record contained test results, physicians' notes, opinion evidence from multiple physicians, and lacked any significant inconsistencies in the evidence, the ALJ was not obligated to order a consultative examination with a cardiologist or obtain additional medical records.).

Here, the Court finds that the record was adequately developed to make a fully-and-fairly informed decision. It contains contemporaneous treatment and exam records from the relevant period regarding Plaintiff's medical impairments (*See, e.g.* Tr. 212-331). Medical evidence from the relevant period showed a lack of objective disabling limitations and that Plaintiff's diabetes was controlled with medication and diet management. (Tr. 213, 217-18, 249, 262-63, 290-92, 295-97, 308-09). Further development was not necessary or appropriate, and the ALJ did not abuse her discretion by failing to order an additional physical consultative exam.

## C. The ALJ's Clerical Error

Plaintiff next contends that substantial evidence does not support the ALJ's decision because the ALJ erroneously mischaracterized Plaintiff's educational attainment. That is, in her finding, under 20 C.F.R. § 404.1564, the ALJ listed that Plaintiff "has at least a high school education . . . ." (Tr. 16). Previously in her decision, however, the ALJ noted that Plaintiff testified that "he completed 8th grade and has not obtained a GED but is able to read and write. (Tr. 14). The latter statement is true—Plaintiff has only an eighth-grade education and has not obtained a GED. Plaintiff argues that the ALJ's clerical error undermines any finding of substantial evidence.

8

The Court finds that Plaintiff's argument lacks merit because the ALJ's misstatement is a clerical error that has no bearing on the analysis. *See Powers v. Comm'r of Soc. Sec.*, 195 F. App'x. 407, 412–413 (6th Cir. 2006) (unpublished) (omissions in an ALJ's formal findings do not constitute reversible error if intended meaning may be discerned from text of decision and the VE's testimony). Alternatively, the alleged error is harmless because a remand to allow the ALJ to revise her holding would not change the ALJ's ultimate finding. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (unpublished) ("When . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Plaintiff failed to identify how this misstatement impacted the ALJ's finding. On the one hand, 20 C.F.R. § 404.1564(b)(3) categorizes an eighth-grade education as "limited education," *to wit*:

> Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 404.1564(b)(3). On the other hand, § 404.1564(b)(4) defines "High school education and above[,]" which are the "abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work." 20 C.F.R. § 404.1564(b)(4). Plaintiff has failed to demonstrate how being classified with a "High School Education and Above" rather than "Limited Education" adversely impacted the ALJ's finding. And "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

9

are deemed waived'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). As a result, the Court finds, alternatively, that Plaintiff waived argument as to the ALJ's clerical error.

## V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 15] will be **GRANTED,** and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE